IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALMA A. SAUL,

    Plaintiff,

v.                                                          No. 1:25-cv-0311-KWR-SCY

FIRST FINANCIAL BANK,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint for Fraud, Doc. 1, filed March 27, 2025 ("Complaint"). Plaintiff alleges:

    8    **Count One:** Defendant resorted to some deceitful or willful device, with the intent to laden Plaintiff with a *"deficiency" judgement* of about $300,000 – despite no such loss of real value of property.

    9    **$1,220,250** as appraised...on the 158th day of 2011

                                                                                                                                                           Exhibits 1,2

    10    **$610,250** minimum bid accepted...on the 161st day of 2011

    11    The Appraiser (Joel?) is believed to be the same person for both appraisals. Likely discoverable.

    12    It is not plausible that the valuation of this property could drop by nearly 50% ($1,220,250 to $610,250) in a short time – especially considering that the property was well maintained and `100% occupied.
....

    14    **Count Two:** Defendant overcharged Plaintiff by $3,000+ due to Defendant's erroneous addition of a few charges of Defendant.

    15    Defendant was billing for $22,000+ instead of $19,000+.

    16    **Count Three:** Defendant wilfully [sic] testified erroneously in United States District Court [Bankruptcy: Linda Bloom, Trustee] that Plaintiff had failed to file form #990 *"unrelated business income"* to Internal Revenue Service. Exhibits 3,4

17      Plaintiff is not required to file form IRS#990

Complaint at 2-3 (emphasis in original).

United States Magistrate Judge Steven C. Yarbrough notified Plaintiff:

It is not clear in which court the events giving rise to this case occurred. Plaintiff states "Defendant wil[l]fully testified erroneously in *United States District Court [Bankruptcy: Linda Bloom, Trustee]*." Complaint at 3, ¶ 16 (emphasis added). Plaintiff also states the appraisal of the subject property is not plausible and cites Exhibits 1 and 2. *See* Complaint at 3, ¶¶ 9-12. Exhibit 2 is the first page of the docket for a civil case filed in state court, *First Financial Bank v. Worldwide Christian Aid Inc.*, No. D-202-CV-201011098, Second Judicial District Court, State of New Mexico ("*First Financial Bank*"). *See* Complaint at 7. Exhibit 1 is a Special Master's Deed which references *First Financial Bank*. *See* Complaint at 6. The state court records indicate *First Financial Bank* is a foreclosure action which was dismissed on June 23, 2011. *See* https://caselookup.nmcourts.gov/caselookup/app (visited March 28, 2025) (also indicating a notice of bankruptcy was filed on July 5, 2011).

To the extent this matter arises from proceedings in Bankruptcy Court, this Court has referred all bankruptcy matters to the United States Bankruptcy Court for the District of New Mexico. *See In the Matter of Reference to Bankruptcy Judges and Bankruptcy Court Local Rules*, Admin. Order No. 84-324 (D.N.M.). If a party wants the District Court to exercise its bankruptcy jurisdiction, the party must file a motion in Bankruptcy Court to withdraw the automatic reference to Bankruptcy Court. *See* NM LBR 5011-1, Withdrawal of Reference ("A motion to withdraw the reference shall be filed in this court.").

On the other hand, if this case arises from events that occurred in state court in the case of *First Financial Bank*, it appears this case may be barred by the *Rooker-Feldman* doctrine, which

> bars federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Where the relief requested would necessarily undo the state court's judgment, *Rooker-Feldman* deprives the district court of jurisdiction. *Mo's Express*, 441 F.3d at 1237.

*Velasquez v. Utah*, 775 F. App'x 420, 422 (10th Cir. 2019); *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Under [the *Rooker-Feldman*] doctrine, 'a party losing in state court is barred from seeking what in substance would be appellate

    review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights'") (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).

Order to Show Cause at 2-3, Doc. 5, filed April 1, 2025.

    Judge Yarbrough ordered Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction and to file an amended complaint. *See* Order to Show Cause at 5. Plaintiff filed an Amended Complaint but did not file a response to Judge Yarbrough's Order to Show Cause why the Court should not dismiss this case for lack of jurisdiction.

    Plaintiff has not shown that the Court has jurisdiction over her claims arising from Defendant's alleged statements in United States Bankruptcy Court. Plaintiff attached a Motion to Withdraw Automatic Reference to Bankruptcy Court to her Amended Complaint. The Motion states *Plaintiff* withdraws the automatic reference to Bankruptcy Court. *See* Amended Complaint at 8. The caption of the Motion references the "Bankruptcy Division" but does not indicate the Bankruptcy Court case number; the caption cites the case number of this case. Amended Complaint at 8. Plaintiff has not shown that she filed the Motion in the United States Bankruptcy Court; nor has Plaintiff shown that the United States Bankruptcy Court granted such a motion.

    Plaintiff has not shown that the *Rooker-Feldman* doctrine does not deprive this Court of jurisdiction over her claims arising from Defendant's alleged statements in state court. Plaintiff contends "Rooker-Feldman (re-litigating State cases) should not apply to this case as the State Court case has not been fully and fairly heard" but does not allege any facts supporting her contention that *Rooker-Feldman* does not apply to this case. Amended Complaint at 2. State-court records indicate the state-court case was dismissed on July 19, 2011, and that the dismissal

was not appealed.  *See* Complaint at 6, Doc. 1, filed March 27, 2025 (referencing Case No. D-202-CV-201011098).

The Court concludes it does not have jurisdiction over this case because Plaintiff did not file a response showing that the Court has jurisdiction and the Amended Complaint does not contain allegations to support federal question jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction").

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

　　　　　　　　　　　　　　　　　　　　_/S/ KEA W. RIGGS_
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**